UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MUHAMMED KHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-354-JTM-JEM |
| | ) | |
| OSCAR MARTINEZ *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to Amend Complaint [DE 26], filed by Plaintiff on November 5, 2017. Defendant Sheriff Martinez responded on November 20, 2017. Plaintiff has not filed a reply and the time to do so has passed.

**I.   Background**

On May 28, 2015, Plaintiff filed his initial Complaint in state court, including claims of Constitutional violations arising out of injuries he suffered while in pretrial detention in Lake County Jail. He amended the Complaint twice while proceeding in state court. On August 21, 2017, the Second Amended Complaint was removed to this Court. A motion to dismiss is currently pending. In the instant Motion, Plaintiff seeks to add a claim that Defendant Lake County Sheriff failed to adequately train the correctional officers.

**II.   Standard**

When a party seeks leave to amend a pleading, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend lies within the district court's discretion, but if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campbell v. Ingersoll Milling*

*Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). By contrast, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or *futility of the amendment*." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (emphasis added). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

## III. Analysis

Plaintiff seeks to add a claim alleging that the Sheriff is liable for constitutional violations for failure to train correctional officers. Defendant Sheriff argues that this proposed amendment is futile because it would not survive a motion to dismiss.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, the doctrine of *respondeat superior* has no application in § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To establish the liability of a municipality for the constitutional deprivation, a plaintiff must demonstrate: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006)).

A municipality's failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A claim for failure to train can be proven with evidence of either a "failure to provide adequate training in light of foreseeable consequences" or a "failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006).

"In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *City of Canton,* 489 U.S. at 389; *Arlotta v. Bradley Center*, 349 F.3d 517, 521-22 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient" to survive a motion to dismiss. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. Ind. 1994) (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)).

In his proposed Count II, Plaintiff alleges that no internal investigation or discipline of officers occurred after the incident during which Plaintiff was injured, and that "[t]he Sheriff failed to properly train the correctional officers of the importance of making regular welfare checks of the inmates they are responsible to protect and the importance of isolating violent pretrial detainees from nonviolent ones." There is no allegation that there was an official policy or custom that was the moving force behind the alleged constitutional violation, and there is no allegation that the training, or lack thereof, amounted to deliberate indifference. Instead, this is a boilerplate allegation, entirely

3

lacking in any factual support, and is insufficient to survive a motion to dismiss. In short, the proposed Third Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" regarding the failure to train claims. *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted); *see also Land v. Wayne County Sheriff's Dep't*, No. 1:09cv365, 2010 WL 2195454, at *2, 2010 U.S. Dist. LEXIS 52392, at *6-7 (S.D. Ind. May 27, 2010) (a claim that "the employee correctional officers of the defendant were not adequately trained, and as such did not provide adequate care and/or protection to the plaintiff, thus resulting in physical and constitutional injury to the plaintiff," even including the additional statement that "'the deficiency in training actually caused the correctional officer/employees of the defendant deliberate indifference to the plaintiff's serious mental disability and/or need,' ... amounts to the type of 'boilerplate allegation' without explanation or factual support that is insufficient to set forth a plausible claim"); *Hutchens v. Harrison*, No. 08cv5366, 2009 WL 1139121, at *6, 2009 U.S. Dist. LEXIS 35869, at *16-17 (N.D. Ill. April 28, 2009) ("[The plaintiff] alleges only that Defendants 'failed to adequately train [the defendant officer]' ... [and] does not allege facts that plausibly suggest that the failure to train was related to any Sheriff policy or practice or a deliberate indifference that could support a Monell claim."); *Martin v. Luckett*, No. 07cv2800, 2009 WL 3678939, at *3, 2009 U.S. Dist. LEXIS 101958, at *10 (N.D. Ill. Nov. 3, 2009) ("Plaintiff simply pleads that Defendant failed 'to instruct members of the Will County Sheriff's Police on proper use of force against individuals undergoing arrest and while in custody.' This pleading is insufficient to meet the 'deliberately indifferent' standard necessary to raise Defendant's alleged failure to train to an actionable 'policy.'"). Because the proposed Amended Complaint fails to state a failure to train claim under § 1983, amendment is inappropriate.

**IV.    Conclusion**

Because allowing Plaintiff to file the proposed amended complaint would be futile, the Court **DENIES** the Motion for Leave to Amend Complaint [DE 26].

SO ORDERED this 1st day of December, 2017.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record