UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MUHAMMED KHAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:17 CV 354 |
|  | ) |  |
| OSCAR MARTINEZ, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss (DE # 6) and a motion for entry of dismissal (DE # 9) originally filed by John Buncich ("Buncich"), the former Sheriff of Lake County, Indiana, and a former defendant in this matter. Also before the court are plaintiff's objections (DE # 29) to Magistrate Judge John E. Martin's opinion and order dated December 1, 2017 (DE # 28). For the following reasons, the court grants the motion to dismiss (DE # 6), denies the motion for entry of dismissal as moot (DE # 9), and overrules plaintiff's objections (DE # 29).

I.     BACKGROUND

In October 2014, plaintiff Muhammed Khan was arrested and transported to Lake County Jail in Crown Point, Indiana. (DE # 4 at 2.) Plaintiff alleges he was locked in a cell with another man, Andrew Decrescenzo, who attacked and attempted to rape him. (*Id*. at 3.) After this incident, plaintiff filed a state court complaint against Buncich in his official capacity as Sheriff and against correctional officers Sam Orlich, D. Hill, Paul Rosa, J. Norcutt, W. Eaton, Charles Hubbell, and Almita Johnson. (*Id*. at 1–2.)

Plaintiff's second amended complaint was filed in state court on August 15, 2017 (DE # 4), and the case was removed to this court on August 31, 2017 (DE # 1).

On September 13, 2017, Buncich filed a motion to dismiss for failure to state a claim against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 6.) When plaintiff did not respond within 14 days, Buncich filed a further motion for entry of dismissal. (DE # 9.) Although Buncich originally filed these motions, per the order dated October 26, 2017, Oscar Martinez ("Martinez"), the current Sheriff, has been substituted into the case in place of Buncich. (DE # 21.)

Rather than respond to the motion to dismiss, plaintiff filed a third amended complaint which contained a new "*Monell*" claim against Buncich. (DE # 10.) However, because this was not plaintiff's first amended complaint, he could not file the new complaint without the court's leave or defendants' consent. (*See* DE # 25.) Since he had neither, the court struck the third amended complaint. (*Id*.)

On November 5, 2017, plaintiff moved for leave to file his third amended complaint. (DE # 26.) This time, Martinez opposed the motion. (DE # 27.) On December 1, 2017, Magistrate Judge John E. Martin issued an opinion and order denying plaintiff's motion for leave to amend on the grounds that amendment would be futile. (DE # 28.) Plaintiff has since objected to Magistrate Judge Martin's order, under Federal Rule of Civil Procedure 72(a). (DE # 29.) Martinez responded to the motion and it is now ripe for review.

## II. LEGAL STANDARD

Before the court is a motion to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities).

Meanwhile, plaintiff has filed objections pursuant to Federal Rule of Civil Procedure 72(a). Rule 72(a) provides that a Magistrate Judge to whom a non-dispositive, pre-trial matter has been referred shall "conduct the required proceedings and, when appropriate, issue a written order stating the decision." In accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, parties are given fourteen (14) days after service of the Magistrate's opinion and order to file any written objections. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## III. DISCUSSION

The court will first address the pending motion to dismiss originally filed by Buncich. (DE # 6.) In the motion, Buncich moved to dismiss all claims against him that appear in plaintiff's second amended complaint. The second amended complaint contains only one claim (Count I) which alleges a Fourteenth Amendment violation under 42 U.S.C. § 1983. However, there are no allegations in the complaint that Buncich was personally involved in the alleged Fourteenth Amendment violation. (*See* DE # 6.) In fact, the second amended complaint specifically lists Buncich as a defendant only in his *official* capacity.

Any claims asserted against Sheriff Buncich in his official capacity are equivalent to claims against the Lake County Sheriff's Department itself. *See Kentucky v. Graham*,

4

473 U.S. 159, 165–66 (1985). A local government or municipality, such as the Lake County Sheriff's Department, can be subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, in order to state this type of "*Monell*" claim against a municipality, the complaint must allege that "an official policy or custom" of the municipality "not only caused the violation, but was the moving force behind it." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). "The caseslaw has identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority causes a constitutional injury." *Baxter by Baxter v. Vigo Cty. Sch. Corp.*, 26 F.3d 728, 734–35 (7th Cir. 1994) (internal citations omitted), *superseded by statute on other grounds*.

In the second amended complaint, plaintiff makes no direct reference to a *Monell* claim against Buncich. (*See* DE # 4.) Moreover, although he alleges a constitutional violation, there are no allegations that any policy, custom, practice, or person with final policymaking authority caused this violation. (*See id*.) Plaintiff himself makes no attempt to argue that his second amended complaint properly brings a *Monell* claim, since rather than file a response to the motion to dismiss, he moved for leave to file a third amended complaint containing an entirely new claim (Count II) for "*Monell* violations." (*See* DE # 26-1 at 7–8.)

Therefore, the court concludes that the second amended complaint fails to state any claims against Buncich (or Martinez), in either his individual or official capacity. Generally, the court would grant the motion to dismiss (DE # 6) upon reaching such a conclusion. However, plaintiff has attempted to file a third amended complaint, which (if permitted by the court) would replace the second amended complaint and cause the motion to be deemed moot. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). Therefore, before granting the motion to dismiss, the court must address the objections to Magistrate Judge Martin's denial of the motion for leave to amend.

The Magistrate Judge denied leave to amend because he concluded plaintiff failed to properly allege his new *Monell* claim in Count II of the proposed third amended complaint, and, therefore, amendment would be futile. (*See* DE # 28.) Regarding that claim, the order states "the proposed Third Amended Complaint does not 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (DE # 28 at 4 (quoting *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted)).) He further concluded that the third amended complaint contained "no allegation that there was an official policy or custom that was the moving force behind the alleged constitutional violation." (*Id.* at 3.)

Specifically, Count II of the proposed third amended complaint states as follows:

> The Sheriff failed to properly train the correctional officers of
> the importance of making regular welfare checks of the
> inmates they are responsible to protect and the importance
> of isolating violent pretrial detainees from nonviolent ones.

6

(DE # 26-1 ¶ 49.) A municipality's failure to train officers may constitute an official custom or policy for purposes of liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). However, this is only the case where "the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." *Id*. at 388.

Magistrate Judge Martin found that plaintiff failed to allege the Sheriff's lack of training amounted to deliberate indifference. (DE # 28 at 3.) Instead, he concluded, "this is a boilerplate allegation, entirely lacking in any factual support." (*Id*. at 3–4.) As cited in the opinion and order, the Seventh Circuit has held that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient" to survive a motion to dismiss. (*Id*. at 4 (quoting *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 292 (7th Cir. 1985)).) For further support, the Magistrate Judge cited three District Court decisions in which failure to train claims were dismissed for a failure to allege deliberate indifference. *See Land v. Wayne County Sheriff's Dep't*, No. 1:09-cv-365, 2010 WL 2195454, at *2 (S.D. Ind. May 27, 2010); *Hutchens v. Harrison*, No. 08 C 5366, 2009 WL 1139121, at *6 (N.D. Ill. Apr. 28, 2009); *Martin v. Luckett*, No. 07 C 2800, 2009 WL 3678939, at *3 (N.D. Ill. Nov. 3, 2009).

Plaintiff objects to the Magistrate Judge's conclusions and argues that his *Monell* claim is sufficient under Rule 8(a)(2). (DE # 29 at 3.) To support this objection, he relies on the reasoning and analysis of Judge Philip P. Simon in *Maldonado v. City of Hammond*, No.2:12-CV-310, 2015 WL 1780133 (N.D. Ind. Apr. 20, 2015). In *Maldonado*, a woman alleged that the her dog was killed by a Hammond Police Officer, and she brought a

7

*Monell* claim against the City of Hammond under a theory that the "City of Hammond had no policy or training in place on how to handle barking dogs." 2015 WL 1780133, at *2. The City of Hammond argued that the plaintiff failed to correctly plead "deliberate indifference" and that the allegations were altogether too threadbare to support the claim. *Id*. However, Judge Simon denied the defendant's motion to dismiss. He reasoned, first, that the words "deliberate indifference" are "not magic words," and that—unlike at the summary judgment stage—the pleadings need only give the City fair notice of what the claim is and the grounds the claim rests on. *Id*. Second, regarding the argument that the allegations were too threadbare, he opined "what additional allegations would one expect to see? Proving a 'failure to train' requires proof of a negative. . . . So it would be difficult to conceive of the 'facts' that a plaintiff would allege when the very allegation is that the City did nothing at all." *Id*. Ultimately, Judge Simon concluded that dismissal was not appropriate because the plaintiff's complaint properly "invoke[d] a recognized legal theory . . . and contain[ed] plausible allegations on the material issues." *Id.* (citing *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012)).

This court finds the *Maldonado* decision to be on point and highly persuasive regarding the pleading standard on "failure to train" *Monell* claims. If this court were addressing the motion for leave to amend in the first instance or in *de novo* review, it would likely follow the same reasoning. However, that is not the position in which the court finds itself. Pursuant to Rule 72(a), the court is reviewing only to see if the Magistrate Judge's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). For that purpose, it matters that *Maldonado* is a District Court decision and, thus, is not

binding precedent. As such, the fact that the Magistrate Judge's decision is contrary to the reasoning of *Maldonado* does not make it contrary to *law*.

Magistrate Judge Martin made a determination, contrary to *Maldonado*, that allegations such as plaintiff's, regarding a failure to train, lack sufficient factual support and fail to plead deliberate indifference. (*See* DE # 28 at 3–4.) He determined, further, that allegations such as these are to be considered boilerplate allegations. (*Id.*) The Magistrate Judge then correctly followed Seventh Circuit law to dismiss a *Monell* claim based on—what he determined to be—boilerplate allegations. *See Rodgers*, 771 F.2d at 292. Conversely, plaintiff has provided no Seventh Circuit decision or other binding precedent which would require a finding that plaintiff's allegations meet the applicable pleading standard. Therefore, this court cannot say that the opinion and order is either clearly erroneous or contrary to law.

Accordingly, the court will overrule plaintiff's objections to the opinion and order denying leave to amend. Since plaintiff has not been granted leave to file his third amended complaint, the second amended complaint will remain in place. Thus, the court may now grant the pending motion to dismiss, as explained above.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's objections to Magistrate Judge Martin's opinion and order (DE # 29) are **OVERRULED**, the motion to dismiss (DE # 6) is **GRANTED**, and the motion for entry of dismissal (DE # 9) is **DENIED as moot**.

**SO ORDERED.**

Date: June 11, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

9